UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL MILLER, Individually and for Others Similarly Situated, | Case No. 2:25-cv-00923-JLR |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES |
| v. | FLSA Collective Action |
| PLATINUM NINE HOLDINGS, LLC d/b/a NORTHWEST AMBULANCE, a Washington limited liability company, | Rule 23 Class Action |
| Defendant. | |

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     Daniel Miller (Miller) brings this class and collective action to recover unpaid wages and other damages from Platinum Nine Holdings, LLC d/b/a Northwest Ambulance (NWA).

2.     NWA employed Miller as one of its Hourly Employees (defined below).

3.     NWA pays Miller and the other Hourly Employees by the hour.

4.     NWA regularly does not relieve Miller and the other Hourly Employees of all work duties during "meal periods."

5.     Instead, NWA requires Miller and the other Hourly Employees to remain on duty and perform their regular job duties throughout their shifts and/or subjects them to interruptions during attempted "meal periods" (NWA's "meal period policy").

FIRST AMENDED COMPLAINT - 1
Case No. 2:25-cv-00923-JLR

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

6.     Miller and the other Hourly Employees regularly do not receive and are unable to take compliant, *bona fide* meal periods.

7.     And NWA does not compensate them for missed and otherwise non-compliant "meal periods."

8.     Miller and the other Hourly Employees likewise do not receive *bona fide* rest periods.

9.     Instead, NWA requires Miller and the other Hourly Employees to remain on duty and perform their regular job duties throughout their shifts and/or subjects them to interruptions during attempted "rest periods" (NWA's "rest period policy").

10.    NWA's failure to provide Miller and the other Hourly Employees with compliant, *bona fide* meal and rest periods violates the Fair Labor Standards Act ("FLSA"), Washington Industrial Welfare Act ("WIWA"), and related Washington Department of Labor & Industries ("DOLI") regulations.

11.    Additionally, NWA pays Miller and the other Hourly Employees nondiscretionary bonuses, including sign-on bonuses, that it fails to include in their regular rates of pay for overtime purposes (NWA's "bonus pay scheme").

12.    NWA's bonus pay scheme violates the FLSA, Washington Minimum Wage Act ("WMWA") by depriving Miller and the other Hourly Employees of overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

13.    Likewise, as a result of its meal period policy, rest period policy, and bonus pay scheme, NWA willfully withholds earned wages from Miller and the other Hourly Employees in violation of the Washington Wage Rebate Act ("WWRA").

## JURISDICTION & VENUE

14.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

15.    The Court has supplemental jurisdiction over Miller's state law claims pursuant to 28 U.S.C. § 1367 because these claims arise from a common nucleus of operative facts.

FIRST AMENDED COMPLAINT - 2
Case No. 2:25-cv-00923-JLR

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

16.     This Court has general personal jurisdiction over NWA because NWA is a domestic limited liability company that maintains its headquarters in Everett, Washington.

17.     Venue is proper because Meridian maintains its headquarters in Everett, Washington, which is in this District and Division. 28 U.S.C. § 1391(b)(2).

PARTIES

18.     NWA employed Miller as a transport nurse as part of its critical care support division from approximately December 2022 until October 2024.

19.     Miller's consent is attached as Exhibit 1.

20.     Throughout his employment, NWA classified Miller as non-exempt and paid him by the hour.

21.     NWA subjected Miller to non-compliant meal and rest periods and its bonus pay scheme.

22.     Miller brings this class and collective action on behalf of himself and other similarly situated NWA employees.

23.     Miller seeks to represent such a class under the FLSA.

24.     The putative class of similarly situated employees under the FLSA is defined as:

All hourly employees who worked for NWA at any time in the past 3 years through final resolution of this action (the "FLSA Collective Members").

25.     Miller seeks to represent such a class under Washington law pursuant to CR 23.

26.     The putative class of similarly situated employees is defined as:

All hourly employees who worked for NWA in Washington at any time in the past 3 years through final resolution of this action (the "Washington Class Members").

27.     The FLSA Collective Members and Washington Class Members will be referred to as the "Hourly Employees."

28.     NWA is a Washington limited liability company headquartered in Everett, Washington.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

1    29.    NWA has made an appearance in this matter.

2    Coverage Under the FLSA

3    30.    At all relevant times, NWA was an employer within the meaning of Section 3(d) of

4    the FLSA, 29 U.S.C. §203(d).

5    31.    At all relevant times, NWA was an enterprise within the meaning of section 3(r) of

6    the FLSA, 29 U.S.C. §203(r).

7    32.    At all relevant times, NWA was an enterprise engaged in commerce or in the

8    production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §

9    203(s)(1), because it had employees engaged in commerce or in the production of goods for

10    commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell

11    phones, landline phones, equipment, medical supplies, and computers - that have been moved in or

12    produced for commerce.

13    33.    At all relevant times, NWA has had and has an annual gross volume of sales made or

14    business done of not less than $1,000,000.

15    34.    At all times hereinafter mentioned, Miller and the Hourly Employees were engaged

16    in commerce or in the production of goods for commerce.

17    Facts

18    35.    NWA provides critical care transport, advanced life support, basic life support, and

19    event standby services "in Whatcom, Skagit, Snohomish, King, Pierce & now Thurston Counties

20    with HUBs and stations throughout the PNW to ensure [it] can provide the very best customer

21    service from start to finish."[1]

22    36.    To meet its business objectives, NWA hires employees, like Miller and the other

23    Hourly Employees.

24    37.    NWA classifies Miller and the other Hourly Employees as non-exempt and pays

25    them by the hour.

26

27    [1]https://www.nwamb.us/ *and* https://www.nwamb.us/services (last visited April 10, 2025).

FIRST AMENDED COMPLAINT - 4
Case No. 2:25-cv-00923-JLR

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

38.     While exact job titles, duties, and locations may differ, Miller and the other Hourly Employees are all subject to NWA's same or similar policies—its meal break policy, missed rest periods, and bonus pay scheme—for similar work.

39.     For example, NWA employed Miller as a transport nurse in its critical care support division from approximately December 2022 until October 2024.

40.     As a transport nurse, Miller's primary duties included driving an ambulance, responding to calls, assessing and treating patients, transporting patients to hospitals, completing hospital-to-hospital transfers, and charting patient interactions.

41.     NWA paid Miller approximately $60.35 an hour.

42.     Miller reported his "on the clock" hours to NWA through its timekeeping system.

43.     NWA's records reflect the hours Miller worked each week "on the clock."

44.     Throughout his employment, Miller typically worked 2 24-hour shifts each week (48 hours a workweek) "on the clock."

45.     Likewise, the other Hourly Employees typically work 12 or 24 hour shifts for 2 to 4 days a week (48 hours a workweek) "on the clock."

46.     And each pay period, NWA pays Miller and the other Hourly Employees based on common systems and methods it selects and controls.

47.     NWA requires Miller and its other Hourly Employees to abide by common work, time, pay, meal period, rest period, and overtime policies and procedures.

48.     But NWA imposes its meal period policy and rest period policy on Miller and the other Hourly Employees.

49.     Specifically, largely due to chronic understaffing, NWA requires these employees to continue performing their normal job duties, such as preparing for and responding to calls, as well as documenting patient interactions, and does not fully relieve them of all work duties during so called "meal periods."

FIRST AMENDED COMPLAINT - 5
Case No. 2:25-cv-00923-JLR

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

50.     To the extent Miller and the other Hourly Employees are able to eat or take a "break," NWA regularly requires them to do so while they are driving an ambulance, while responding to a call or returning from responding to a call.

51.     Miller did not consent to waive his meal periods.

52.     But Miller and the other Hourly Employees do not actually receive compliant, *bona fide* meal periods.

53.     And Miller and the other Hourly Employees do not actually receive *bona fide* uninterrupted rest periods.

54.     NWA requires them to continue performing their normal job duties and does not fully relieve them of work duties during so called "rest periods."

55.     NWA requires Miller and the other Hourly Employees to remain on duty and performing work throughout their shifts, including during their "meal periods" and "rest periods."

56.     NWA's failure to provide Miller and the other Hourly Employees with compliant, *bona fide* meal and rest periods violates the WIWA and related DOLI regulations.

57.     Additionally, NWA subjects Miller and the other Hourly Employees to its bonus pay scheme.

58.     Specifically, NWA paid Miller and the other Hourly Employees non-discretionary bonuses, including sign-on bonuses, that it fails to include in its regular rates of pay for overtime purposes.

59.     Thus, NWA fails to pay Miller and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

60.     Under its meal break policy, rest break policy, and bonus pay scheme, NWA willfully withholds earned wages from Miller and its other Hourly Employees, in violation of the FLSA and WWRA.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

CLASS AND COLLECTIVE ACTION ALLEGATIONS

61.     Like Miller, the other Hourly Employees are victimized by NWA's meal break policy, rest break policy, and bonus pay scheme.

62.     Other Hourly Employees worked with Miller and indicated they were paid in the same manner, performed similar work, and were subject to NWA's meal break policy, rest break policy, and/or bonus pay scheme.

63.     Based on his experience, Miller is aware NWA's meal break policy, rest break policy, and/or bonus pay scheme were imposed on other Hourly Employees.

64.     The putative class of Hourly Employees includes more than 100 members.

65.     Thus, the putative class of Hourly Employees is so numerous that joinder of all class members in one lawsuit is not practicable.

66.     The Hourly Employees are similarly situated in the most relevant respects.

67.     Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to earned wages, overtime wages, and compliant meal and rest periods.

68.     The only relevant inquiry is whether the Hourly Employees were subject to NWA's meal break policy, rest break policy, and/or bonus pay scheme.

69.     Therefore, the specific job titles or job locations of the various Hourly Employees do not prevent class treatment.

70.     Rather, NWA's meal break policy, rest break policy, and bonus pay scheme render Miller and the other Hourly Employees similarly situated for the purpose of determining their right to earned wages, overtime wages, and *bona fide* meal and rest periods.

71.     NWA's records reflect the number of hours the Hourly Employees worked each week "on the clock."

72.     The wages owed to Miller and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

73.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to NWA's records, and there is no detraction from the common nucleus of liability facts.

74.     Therefore, the issue of damages does not preclude class or collective treatment.

75.     Miller's experiences are therefore typical of the experiences of the other Hourly Employees.

76.     Miller has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

77.     Like each Hourly Employee, Miller has an interest in obtaining the unpaid wages owed under the FLSA and Washington law.

78.     Miller and his counsel will fairly and adequately protect the interests of the other Hourly Employees.

79.     Miller retained counsel with significant experience in litigating complex class and collective actions.

80.     A class and collective action is superior to other available means for the fair and efficient adjudication of this lawsuit.

81.     Absent this class and/or collective action, many Hourly Employees will not obtain redress for their injuries, and NWA will reap the unjust benefits of violating the FLSA and Washington law.

82.     Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

83.     Indeed, the multiplicity of actions would create a hardship for the Hourly Employees, the Court, and NWA.

84.     Conversely, concentrating the litigation in one forum will promote judicial economy and consistency as well as parity among the Hourly Employees' claims.

85.     The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

FIRST AMENDED COMPLAINT - 8
Case No. 2:25-cv-00923-JLR

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

86.     Among the common questions of law and fact are:

(a)     Whether NWA engaged in a policy and practice of requiring its Hourly Employees to perform their typical job duties, such as running calls and checking ambulance components during so called "meal periods" or "rest periods";

(b)     Whether NWA failed to provide its Hourly Employees with *bona fide* meal and/or rest periods in violation of the FLSA and WIWA and related Washington DOLI regulations;

(c)     Whether NWA paid the Hourly Employees non-discretionary bonuses that it failed to include in their regular rates of pay;

(d)     Whether NWA failed to pay its Hourly Employees overtime at rates not less than 1.5 times their regular rates of pay, based on all remuneration, for all hours worked after 40 in a week in violation of the FLSA and WMWA;

(e)     Whether NWA willfully withheld earned wages from its Hourly Employees in violation of the WWRA;

(f)     Whether NWA's decision not to pay its Hourly Employees overtime wages at the required rate for all overtime hours worked was made in good faith;

(g)     Whether NWA's decision to withhold earned wages from its Hourly Employees was made in good faith; and

(h)     Whether NWA's violations were willful.

87.     NWA's meal break policy, rest break policy, and bonus pay scheme deprived Miller and the other Hourly Employees of earned wages and overtime wages at the required premium rate for all hours worked after 40 in a workweek, which they are owed under the FLSA and Washington law.

FIRST AMENDED COMPLAINT - 9
Case No. 2:25-cv-00923-JLR

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

88.     The similarly situated Hourly Employees are known to NWA, are readily identifiable, and can be located through NWA's business and personnel records.

### NWA's Violations Were Willful

89.     NWA knew it was subject to the FLSA's and WMWA's overtime provisions.

90.     NWA knew the FLSA and WMWA required it to pay non-exempt employees, including the Hourly Employees, overtime at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 in a workweek.

91.     NWA knew it was subject to the FLSA and WWRA.

92.     NWA knew the FLSA and WWRA prohibited it from willfully withholding earned wages from employees, including the Hourly Employees.

93.     NWA knew each Hourly Employee worked more than 40 hours in at least one workweek during relevant period(s).

94.     NWA knew its Hourly Employees were non-exempt employees entitled to overtime.

95.     NWA knew it paid its Hourly Employees by the hour.

96.     NWA knew it was subject to the FLSA, WIWA, and the Washington DOLI regulations.

97.     NWA knew the WIWA and the Washington DOLI regulations required it to provide employees, including the Hourly Employees, a *bona fide*, duty-free 10-minute rest period for every 4 hours worked.

98.     NWA knew the WIWA and the Washington DOLI regulations required it to provide employees, including the Hourly Employees, a *bona fide*, duty-free, and uninterrupted 30-minute meal period for every 5 hours worked.

99.     NWA knew its Hourly Employees did not waive their meal periods.

100.    Nonetheless, NWA failed to provide its Hourly Employees with *bona fide*, duty-free meal and rest periods.

101.    NWA knew its Hourly Employees did not actually receive *bona fide* meal periods.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

102.    NWA knew its Hourly Employees regularly spent their "meal periods" performing their regular job duties.

103.    And NWA knew that it paid the Hourly Employees non-discretionary bonuses, including sign-on bonuses.

104.    And NWA knew it was required to, but did not, include this compensation in their regular rates of pay for overtime purposes.

105.    NWA knew, should have known, or recklessly disregarded whether its conduct described in this Complaint violated the FLSA or Washington law.

106.    Indeed, Miller and the Hourly Employees complained about being forced to work during missed meal and rest periods to NWA supervisors, management and/or HR.

107.    NWA knowingly, willfully, and/or in reckless disregard of the FLSA and applicable Washington law carried out employment policies that systematically deprived its Hourly Employees of *bona fide* meal and rest periods, earned wages, and premium overtime pay at the required rate.

COUNT I
FLSA VIOLATIONS

108.    Miller incorporates the preceding paragraphs by reference.

109.    As set forth herein, NWA violated the FLSA by failing to pay Miller and the Hourly Employees overtime at one and one-half times the regular rate of pay under the hourly system, for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

110.    At all relevant times, NWA has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

111.    NWA employed Miller and the Hourly Employees.

112.    NWA knowingly classified Miller and the Hourly Employees as non-exempt.

113.    NWA's meal break policy, rest break policy, and bonus pay scheme denied Miller and the Hourly Employees overtime compensation at the legal overtime rates required by the FLSA.

114.    NWA owes Miller and the Hourly Employees overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

FIRST AMENDED COMPLAINT - 11
Case No. 2:25-cv-00923-JLR

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

115.     NWA knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Miller and the Hourly Employees is willful because it knew Miller and the Hourly Employees were non-exempt, knew they would work over 40 hours in workweeks, but would not pay them overtime.

116.     Due to NWA's FLSA violation, Miller and the Hourly Employees are entitled to recover from NWA their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

117.     The improper pay practices at issue were part of a continuing course of conduct, entitling Miller and the Hourly Employees to recover for all such violations, for the past 3 years.

COUNT II
FAILURE TO PAY OVERTIME UNDER THE WMWA

118.     Miller incorporates the preceding paragraphs by reference.

119.     Miller brings his WMWA claim as a class action on behalf of himself and the other Hourly Employees pursuant to CR 23.

120.     NWA's conduct violates the WMWA. RCW 49.46, *et seq.*

121.     At all relevant times, NWA was subject to the WMWA because NWA was (and is) an "employer" within the meaning of the WMWA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).

122.     At all relevant times, NWA employed Miller and the other Hourly Employees as its covered "employees" within the meaning of the WMWA. *See* RCW 49.46.010(3); *see also* RCW 49.48.082(5)(a).

123.     The WMWA requires employers, like NWA, to pay non-exempt employees, including Miller and the other Hourly Employees, overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek. RCW 49.46.130 *and* RCW 49.46.090.

124.     Miller and the other Hourly Employees are entitled to overtime pay under the WMWA.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

125.    NWA violated, and is violating, the WMWA by failing to pay non-exempt employees (Miller and the other Hourly Employees) overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. *See* RCW 49.46.130; *see also* RCW 49.46.090.

126.    NWA's unlawful conduct harmed Miller and the other Hourly Employees by depriving them of the overtime wages they are owed under Washington law.

127.    Accordingly, NWA owes Miller and the other Hourly Employees the difference between the wages paid and the overtime wages earned (RCW 49.46.090) plus pre-judgment interest at a rate of 12% per annum (RCW 19.52.020).

128.    Finally, Miller and the other Hourly Employees are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.46.30.

COUNT III
WILLFULLY WITHHOLDING EARNED WAGES UNDER THE WWRA

129.    Miller incorporates the preceding paragraphs by reference.

130.    Miller brings his WWRA claim as a class action on behalf of himself and the other Hourly Employees pursuant to CR 23.

131.    NWA's conduct violates the WWRA. RCW 49.52, *et seq.*

132.    At all relevant times, NWA was subject to the WWRA because NWA was (and is) an "employer" within the meaning of the WWRA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).

133.    At all relevant times, NWA employed Miller and the other Hourly Employees as covered "employees" within the meaning of the WWRA. *See* RCW 49.12.005(4); *see also* RCW 49.48.082(5)(b).

134.    The WWRA prohibits employers, like NWA, from depriving employees, including Miller and the other Hourly Employees, of "any part of his or her wages" and from "pay[ing] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract." RCW 49.52.050.

135.    NWA violated, and is violating, the WWRA by willfully withholding earned wages from Miller and the other Hourly Employees for the hours they worked during their on-duty "meal

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

periods" and "rest periods," which NWA was obligated to pay under Washington law. *See* RCW 49.52.050.

136.    NWA also violated, and is violating, the WWRA by willfully withholding earned overtime wages from Miller and the other Hourly Employees, which Washington law obligated NWA to pay at rates not less than 1.5 times their regular rates of pay. *See* RCW 49.52.050.

137.    NWA's unlawful conduct harmed Miller and the other Hourly Employees by willfully withholding earned wages (including earned overtime wages at the required premium rate) from these employees, which they are owed under Washington law.

138.    Accordingly, NWA owes Miller and the other Hourly Employees their willfully withheld earned wages plus exemplary damages in an amount equal to 2 times their willfully withheld wages (RCW 49.52.070).

139.    Finally, Miller and the other Hourly Employees are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.52.070.

<u>COUNT IV</u>
FAILURE TO PROVIDE *BONA FIDE* MEAL AND REST PERIODS UNDER THE WIWA

140.    Miller incorporates the preceding paragraphs by reference.

141.    Miller brings his meal and rest period claims under the WIWA and related DOLI regulations as a class action on behalf of himself and the other Hourly Employees pursuant to CR 23.

142.    NWA's conduct violates the WIWA's (and the related DOLI regulations') meal and rest period requirements. RCW 49.12, *et seq.*; WAC 296-126-092.

143.    At all relevant times, NWA was subject to the WIWA and related DOLI regulations because NWA was (and is) an "employer" within the meaning of the WIWA and the DOLI regulations. *See* RCW 49.12.005(3); WAC 296-126-002(1).

144.    At all relevant times, NWA employed Miller and the other Hourly Employees as covered "employees" within the meaning of the WIWA and the Washington DOLI regulations. *See* RCW 49.12.005(4); WAC 296-126-002(2).

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

145.    The WIWA prohibits employers, like NWA, from employing employees, including Miller and the other Hourly Employees, under conditions of labor detrimental to their health. RCW 49.12.020.

146.    The DOLI regulations require employers, like NWA, to provide employees, including Miller and the other Hourly Employees, meal periods of at least 30 minutes which commence no less than 2 hours nor more than 5 hours from the beginning of the employees' shift. WAC 296-126-092(1).

147.    The DOLI regulations further mandate that meal periods shall be paid when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. WAC 296-126-092(1).

148.    The DOLI regulations also require employers, like NWA, to provide employees, including Miller and the other Hourly Employees, rest periods of at least 10 minutes for every 4 hours of working time. WAC 296-126-092(4).

149.    The DOLI regulations further prohibit employers, like NWA, from requiring employees, including Miller and the other Hourly Employees, to work more than 3 hours without a rest period. WAC 296-126-092(4).

150.    Washington law also requires employers, like NWA, to compensate employees, including Miller and the other Hourly Employees, for denied, missed, or interrupted meal and rest periods. *See, e.g., Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 517-19, 415 P.3d 224 (2018); *Pellino v. Brinks Inc.*, 164 Wn. App. 668, 690-93, 267 P.3d 383 (2011).

151.    Throughout the relevant period, NWA expected and required Miller and the other Hourly Employees to remain on duty and perform compensable work throughout their shifts, including during their "meal and rest periods."

152.    Miller and the other Hourly Employees were not relieved of all duties during their attempted meal and rest periods but instead were subject to work interruptions.

FIRST AMENDED COMPLAINT - 15
Case No. 2:25-cv-00923-JLR

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

153.    Thus, NWA violated, and is violating, the WIWA, WMWA, and related DOLI regulations by failing to provide Miller and the other Hourly Employees *bona fide* meal and rest periods. *See* RCW 49.12.020; WAC 296-126-092.

154.    NWA's unlawful conduct harmed Miller and the other Hourly Employees by depriving them of the *bona fide* meal and rest periods they are owed under Washington law.

155.    Accordingly, Miller and the Hourly Employees are entitled to recover their unpaid wages for their missed meal and rest periods, penalties in an amount not less than $25 nor more than $1,000 per violation (WAC 296-126-226; RCW 49.12.170), and pre-judgment interest at a rate of 12% per annum. RCW 19.52.020.

156.    Finally, Miller and the other Hourly Employees are also entitled to recover their reasonable attorney's fees and costs incurred in this action. RCW 49.12.150.

RELIEF SOUGHT

WHEREFORE, Miller, individually and on behalf of the other Hourly Employees, seeks the following relief:

(a)    An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. Sec. 216(b);

(b)    An Order certifying this lawsuit as a class action pursuant to WASH. SUP. CT. CIV. R. 23.

(c)    An Order appointing Miller and his counsel to represent the interests of the Hourly Employees;

(d)    An Order finding NWA liable to Miller and the other Hourly Employees for failing to provide them with *bona fide* meal and rest periods plus all available statutory penalties;

(e)    An Order finding NWA liable to Miller and the other Hourly Employees for all unpaid overtime wages owed under the FLSA and WMWA;

(f)    An Order finding NWA liable to Miller and the other Hourly Employees for all willfully withheld wages owed under the FLSA and WWRA, plus exemplary

FIRST AMENDED COMPLAINT - 16
Case No. 2:25-cv-00923-JLR

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

1   damages in an amount equal to 2 times their willfully withheld wages;

2   (g)    An Order awarding attorney's fees, costs, and expenses;

3   (h)    A Judgment against NWA awarding Miller and the other Hourly Employees

4          all their willfully withheld wages, unpaid overtime, liquidated damages,

5          exemplary damages, statutory damages, attorney's fees, costs, expenses, and

6          any other penalties available under the FLSA, WMWA, WWRA, and WIWA;

7   (i)    An award of pre- and post-judgment interest on all amounts awarded at the

8          highest rate allowable by law; and

9   (j)    All such other and further relief as may be necessary and appropriate.

10

11  Date: May 23, 2025                    Respectfully submitted,

12                                        FRANK FREED SUBIT & THOMAS, LLP

13                                        By: /s/ Michael Subit
14                                            Michael C. Subit, WSBA #29189
                                              msubit@frankfreed.com
15                                            705 Second Ave., Suite 1200
                                              Seattle, Washington 98104
16                                            Telephone:  206.682.6711

17                                        JOSEPHSON DUNLAP, LLP

18                                            Michael A. Josephson*
19                                            mjosephson@mybackwages.com
                                              Andrew W. Dunlap*
20                                            adunlap@mybackwages.com
                                              11 Greenway Plaza, Suite 3050
21                                            Houston, Texas 77046
                                              Telephone:  713.352.1100
22
23                                        BRUCKNER BURCH, PLLC

24                                            Richard J. (Rex) Burch*
                                              rburch@brucknerburch.com
25                                            11 Greenway Plaza, Suite 3025
                                              Houston, Texas 77046
26                                            Telephone:  713.877.8788

27

FIRST AMENDED COMPLAINT - 17
Case No. 2:25-cv-00923-JLR

*Pro Hac Vice Applications Forthcoming*

ATTORNEYS FOR MILLER
& THE HOURLY EMPLOYEES

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100